## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THOMAS R. DODSON, JR.,

       Petitioner,

v.                                                              CIV  NO. 04-1044 MCA/ACT

ERASMO BRAVO, Warden, and
PATRICIA MADRID, Attorney General of
the State of New Mexico,

       Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondents' Motion to Dismiss the Petition

for a Writ of Habeas Corpus.  The Motion was filed on October 20, 2004.  (Doc. No. 10).  The

United States Magistrate Judge, having reviewed the Petition and its exhibits, the Motion to

Dismiss and Memorandum in Support, and the Answer and the accompanying Exhibits,

recommends that the Motion to Dismiss be GRANTED because the Petition is time-barred.

Petitioner Thomas R. Dodson, Jr. has also moved for appointment of counsel (Doc. No. 3).  The

United States Magistrate Judge recommends that the Motion for Appointment of Counsel be

DENIED.

PROPOSED FINDINGS

PROCEEDINGS AND PLEADINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility under a Judgment and Sentence of the Twelfth Judicial District Court, County of Otero, State of New Mexico. (Answer, Exhibit A). Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner pled *nolo contendre* to multiple counts of fourth degree felonies and misdemeanors in cause numbered CR 2000-470. Petitioner also admitted to being a habitual offender because he had three prior felony convictions. (Answer, Exhibit A).

3. Judgment and Sentence was entered against the Petitioner on April 30, 2001 and filed of record on May 10, 2001. Petitioner was sentenced to twenty three (23) years less four (4) days with all but sixteen (16) years suspended, followed by five (5) years of probation. (Answer, Exhibit A).

4. Petitioner had entered into a Plea and Disposition Agreement prior to his sentencing which limited the State to a maximum sentence of thirty (30) years and Petitioner agreed to admit to being a habitual offender. During the Plea and Disposition as well as during the imposition of the Judgment and Sentence, Petitioner was represented by counsel. (Answer, Exhibits A and B).

5. Petitioner, through his attorney, filed a Motion to Reconsider his Sentence on May 2, 2001. (Answer, Exhibit D). A hearing was held, during which Petitioner as represented by counsel, but the Motion was denied by the sentencing judge on July 11, 2001. (Answer, Exhibits F & G).

6. On August 8, 2001, Petitioner filed a *pro se* Petition for the Writ of Habeas Corpus in state court claiming that his guilty plea was unlawfully induced, that he was denied effective

2

assistance of counsel, that he was denied his right of appeal and that the Grand Jury charged him with one too many counts of commercial burglary, having only burgled three commercial establishments. (Answer, Exhibit H).

     7.   The Petition was denied on the merits by the state district court judge on August 23, 200.  (Answer, Exhibit I).   Petitioner did not appeal the denial.

     8.   Petitioner filed another Motion for a Reconsideration of his Sentence on March 11, 2002, this time *pro se*.   The state district court judge denied the Motion on March 20, 2002. (Answer, Exhibits J and K).

     9.   Petitioner filed a second Petition for the Writ of Habeas Corpus, in state court, again *pro se*, on April 7, 2004. (Answer, Exhibit L).   Petitioner argued that his guilty plea was unlawfully induced, that he had been denied effective assistance of counsel and added that the prosecutor had engaged in prosecutorial vindictiveness.   He also requested a reduced sentence due to changed circumstances. (Answer, Exhibit L).

     10.   The Petition was denied by the state district court judge on April 12, 2004.  (Answer, Exhibit M).   Petitioner did not appeal the denial further in the state courts.

     11.   Petitioner filed his *pro se* Petition for the Writ of Habeas Corpus in this federal court on September 15, 2004.  (Doc. No. 1).   He raised a claims of ineffective assistance of counsel and stated that he was coerced into his plea agreement by a threat of a sentence of thirty or more years.   He also raised a claim that the his rights under the Second Amendment were violated because his sentence was too harsh, in part because his prior felony convictions had been used to enhance his sentence by eight years.   Lastly he claimed his confession was coerced because his attorney told him the State had an eyewitness to his crimes, but that his attorney never gave him

the witness list until his sentencing.

12.  Respondents answered and moved to dismiss the Petition arguing that the Petition is barred by the one year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d)(1). (Docs. No. 10, 11 and 12).

## CLAIM IS TIME BARRED BY THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

13.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a state prisoner who brings a Petition for the Writ of Habeas Corpus in federal court must file the Petition within a one year period.   The Act states that "the limitation period shall run from the latest of  - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244 (d)(1).

14.  The one year statue of limitations is tolled only for the period(s) of time when Petitioner has a properly filed post conviction application for collateral review pending in the state courts.  28 U.S.C. §2244 (d)(2).

15.  In this case, because Petitioner entered into a *nolo contendre* plea, Petitioner had thirty (30) days from the entry of his Judgment and Sentence in which to seek a review. Petitioner filed a timely Motion for Reconsideration of his Sentence which tolled the one year statute of limitations until the Motion was denied on July 11, 2001.  Petitioner did not appeal this denial so his one year period in which to file his federal Petition for the Writ of Habeas Corpus began to run on that date, July 11, 2001.

16.  When twenty-eight (28) days had passed, Petitioner filed a Petition for the Writ of

Habeas Corpus in state district court on August 8, 2001.   The Petition was denied on August 23,

2001 and while Petitioner had thirty (30) days in which to appeal this denial, he failed to do so.

Thus, on September 24, 2001, the federal statute of limitations under AEDPA began to run again.

17.   After one hundred seventy-seven (177) days had passed, Petitioner filed a second

Motion for Reconsideration of his Sentence.  This Motion was denied on March 20, 2002.  Again,

the one year federal statute of limitations began to run, this time on March 20, 2002.

18.   Petitioner let seven hundred forty-nine (749) days pass and then filed a second

Petition for the Writ of Habeas Corpus in state court on April 7, 2004.  The state district court

denied the Petition on April 12, 2004.  Again, Petitioner did not appeal the denial to the Supreme

Court of New Mexico so the federal statute of limitation under AEDPA began to run on May 13,

2004, the last day on which Petitioner could have appealed the denial of his Petition to the higher

state court.

19.   Ninety-four (94) days later, on August 15, 2004, Petitioner filed this Petition for the

Writ of Habeas Corpus in federal court. (Doc. No. 1).  Petitioner let a total of approximately one

thousand forty-eight (1048) days pass from the day his conviction became final, July 11, 2001, not

counting the days tolled during which he had properly filed post conviction application for

collateral review pending in the state courts, until the day he filed his Petition for the Writ of

Habeas Corpus in federal court, August 15, 2004.

20.   Petition is time-barred under 28 U.S.C. §2244 (d)(1) from bringing this Petition for

the Writ of Habeas Corpus in federal court by approximately six hundred eighty-three (683) days

- 1048 days minus the one year statute of limitations (365 days) equals 683 days.

21.   Petitioner failed to respond to the Respondents' Motion to Dismiss or to their

argument that this Petition is time-barred.  There were no facts in the Petition or the Exhibits which suggest that the doctrine of equitable tolling would be applicable.  *See, Miller v. Marr*, 141 F. 3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

22.  The Magistrate Judge recommends that the Petition for the Writ of Habeas Corpus be DENIED because it is barred by the time limitations of the AEDPA and that the Respondents' Motion to Dismiss be GRANTED.

## REQUEST FOR APPOINTMENT OF COUNSEL

23.  Petitioner has also requested that the Court appoint him counsel.  (Doc. No. 3).

24.  The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).

25.  Petitioner was represented by counsel when he entered his *nolo contendre* plea, when he was originally sentenced on April 30, 2001, when he filed his Motion to Reconsider his Sentence on May 2, 2001 and at his hearing on that Motion.   Petitioner has represented himself since then in these various proceedings.

26.  Petitioner has been able to reasonably present his claim and supporting facts to this Court in his Petition for the Writ of Habeas Corpus.  The exhibits and pleadings of this case clearly establish that this Petition is time-barred by the AEDPA.

27.  The Court finds that the Petitioner has been able to present his case adequately

without benefit of counsel and the appointment of counsel for the Petitioner would not have assisted the Court.  Therefore, the Court recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

CONCLUSION

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because the Petition is time-barred by the AEDPA and that the Respondent's Motion to Dismiss the Petitioner's Application be GRANTED.  The Court also recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE